IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID B. BROWN,<br><br>            Petitioner,<br><br>vs.<br><br>BARBARA LEWIEN,<br><br>            Respondent. | 4:24CV3153<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on preliminary review of Petitioner David B. Brown's Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254 and filed on August 28, 2024. In his petition, Petitioner states he was convicted after a jury trial of two counts of first degree sexual assault and was sentenced on May 9, 2018, to concurrent terms of 30 to 35 years' imprisonment. Filing No. 1 at 1–2. The Nebraska Court of Appeals affirmed Petitioner's convictions and sentences on March 25, 2019. *State v. Brown*, No. A-18-599, 2019 WL 1492689 (Neb. Ct. App. Mar. 25, 2019). Petitioner did not seek further review in the Nebraska Supreme Court, and the mandate issued on May 1, 2019. Filing No. 1 at 2.

Petitioner filed a motion for postconviction relief on April 22, 2020, which the state district court denied without an evidentiary hearing on September 17, 2020. *Id*. at 3–4. Petitioner did not file an appeal within 30 days of that decision, but on January 19, 2021, Petitioner filed a motion for reconsideration and to vacate and reinstate the order denying his motion for postconviction relief. *Id*. at 4. The state district court dismissed Petitioner's motion for reconsideration as untimely and Petitioner appealed. *Id*. at 4, 6. The Nebraska Court of Appeals reversed and remanded for the district court to consider

Petitioner's motion for reconsideration on the merits. *State v. Brown*, 970 N.W.2d 809 (Neb. Ct. App. 2022); *see also* Filing No. 1 at 6. The Nebraska Supreme Court granted the State's petition for further review and reversed the judgment of the Court of Appeals in an opinion dated October 21, 2022, concluding that the state district court did not err in denying Petitioner's motion to reconsider as the court did not have the power to vacate the denial of postconviction relief to extend the time for appeal. *State v. Brown*, 980 N.W.2d 834 (Neb. 2022).

It appears from the face of the petition that Petitioner's claims may be barred by the statute of limitations because the petition was filed more than one year after Petitioner's judgment became final. *See* 28 U.S.C. § 2244(d)(1). However, in order to ensure a just and fair resolution of this matter, the Court will enter an order progressing this case to final resolution. **Respondent should be mindful of and, if necessary, respond to Petitioner's assertions of "actual innocence" to the extent Petitioner relies on such allegations to excuse any procedural bar**.

Petitioner has also filed a motion for appointment of counsel due to, *inter alia*, the complexity of the case, the existence of conflicting testimony, his inability to investigate the facts and present his case, and lack of legal training. Filing No. 4. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–

59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

After careful review of the record, the Court finds there is no need for the appointment of counsel at this early stage in the proceedings as the only issue presently under consideration is the timeliness of Petitioner's habeas petition and Petitioner has demonstrated his ability to present his claims and requests for relief in appropriate, clearly written pleadings. The Court is, however, aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

IT IS THEREFORE ORDERED that:

1. By **January 13, 2025**, Respondent must file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **January 13, 2025**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

2. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

3

A.  The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

B.  The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.  Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.  No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

    E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, she should inform the Court by filing a notice stating that she will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

3.    If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

    A.    By **January 13, 2025**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

    B.    No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be

        accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.    Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.    No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

   E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, she should inform the Court by filing a notice stating that she will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

   F. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **February 12, 2025**: check for Respondent's answer and separate brief.

 4. No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

 5. Petitioner's motion for appointment of counsel, Filing No. 4, is denied without prejudice to reassertion.

Dated this 27th day of November, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge